**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-1832

BARBARA BOWDEN; ERNEST BOWDEN, JR.

Plaintiffs – Appellees,

v.

FOREST RIVER, INC.; CAMPING WORLD RV SALES, LLC,

Defendants – Appellants.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:18-cv-01578-CMH-JFA)

Argued:  January 26, 2022                    Decided:  March 4, 2022

Before GREGORY, Chief Judge, and KING and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** John Dimitri Papageorge, TAFT STETTINIUS & HOLLISTER, LLP, Indianapolis, Indiana, for Appellants.  Matthew W.H. Wessler, GUPTA WESSLER PLLC, Washington, D.C., for Appellees.  **ON BRIEF:** Donald C. Biggs, TAFT STETTINIUS & HOLLISTER LLP, Indianapolis, Indiana; Dannel C. Duddy, HARMAN, CLAYTOR, CORRIGAN & WELLMAN, Richmond, Virginia, for Appellants.  Amy L. Austin, Leonard A. Bennett, Newport News, Virginia, Matthew J. Erasuquin, CONSUMER LITIGATION ASSOCIATES, PC, Alexandria, Virginia; Ronald L. Burdge, BURDGE

LAW OFFICE, Dayton, Ohio, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Defendants Forest River, Inc., and Camping World RV Sales, LLC, appeal from the district court's award to plaintiffs Barbara Bowden and Ernest Bowden, Jr., of attorneys' fees and litigation costs, made pursuant to the fee-shifting provision in 15 U.S.C. § 2310(d)(2). *See Bowden v. Forest River, Inc.*, No. 1:18-cv-01578 (E.D. Va. June 30, 2020), ECF No. 48 (the "Award").[*] The underlying litigation involved product liability claims, pursued in the Eastern District of Virginia, concerning a defective recreational vehicle. The merits of the lawsuit were settled by the parties, but the matter of fees and costs was reserved for resolution by the court. The Award consists of $91,935.25 in attorneys' fees and $32,856.93 in costs. The defendants have appealed the Award and present multiple contentions, including challenges to the lawyers' hourly rates and expert witness costs. As relief, the defendants seek a vacatur of the Award and a remand for further proceedings.

We review a district court's award of attorneys' fees and costs for an abuse of discretion. *See Hyatt v. Barnhart*, 315 F.3d 239, 245 (4th Cir. 2002). And our deferential standard of review has been characterized as "sharply circumscribed . . . because a district court has close and intimate knowledge of the efforts expended and the value of the services rendered." *See Grissom v. Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008) (internal

---

[*] The statutory fee-shifting provision authorizing the Award was enacted as part of the so-called federal "lemon law," formally entitled the Magnuson-Moss Warranty Act of 1975. Pursuant thereto, a prevailing consumer may "recover as part of the judgment a sum equal to the aggregate amount of costs and expenses (including attorneys' fees based on actual time expended) determined by the court." *See* 15 U.S.C. § 2310(d)(2).

quotation marks omitted).  Having carefully considered each of the defendants' appellate contentions and having evaluated the district court's thoughtful 15-page Award, the record on appeal, the appellate briefs, and the oral argument, we are satisfied that there was no abuse of discretion or reversible error.  As a result, we are obliged to affirm the Award.

*AFFIRMED*